UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

JOHN WILEY & SONS, INC. AND
THE MCGRAW-HILL COMPANIES, INC.,    :

                                    :

                    Plaintiffs,     :

                                    :

        -against-                   :

                                    :

PAUL RUCHAL AND JOHN DOE NOS. 1-5,  :

                                    :

                    Defendants.     :

                                    :

- - - - - - - - - - - - - - - - - -x



'08 CIV 8840

Judge McMahon

08

OCT 1 3 2008

U.S.D.C. S.D.N.Y.
CASHIERS

COMPLAINT

Plaintiffs John Wiley & Sons, Inc. ("Wiley") and The

McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned

attorneys, for their complaint against defendants Paul Ruchal and

John Doe Nos. 1-5, aver:

Nature of the Action

1.    Plaintiffs are bringing this action to obtain

legal and equitable relief to remedy defendants' infringement of

plaintiffs' copyrights through their sales of electronic copies

of instructors' solutions manuals.

Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over

the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338

because it arises under the Copyright Act, 17 U.S.C. § 101 et

seq.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

<u>Parties</u>

4.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

5.    McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

6.    Upon information and belief, defendant Paul Ruchal is a natural person residing at 7053 Florence Place, St. Louis, Missouri 63136.

7.    Upon information and belief, defendants John Doe Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

<u>The Business of Plaintiffs</u>

8.    Each plaintiff publishes a variety of works, including educational books.

9.    As a standard practice, each plaintiff requires its authors to assign the copyrights to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize the dissemination of each work.

10. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

11. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

12. An important part of plaintiffs' business is derived from publishing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

13. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available. Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

14.   Plaintiffs routinely register their copyrights. Wiley has generally registered its copyrights in its works, including that identified on Schedule A (the "Wiley Copyright"). McGraw-Hill has generally registered its copyrights in its works, including those identified on Schedule B (the "McGraw-Hill Copyrights").

## The Infringing Acts of Defendants

15.   Defendants have without permission reproduced and sold copies of plaintiffs' works.  Specifically, defendants have reproduced and sold electronic copies of plaintiffs' instructors' solutions manuals through the Internet using the e-mail addresses paruchal@aol.com, pruchal@aol.com, judithruchal@aol.com and profdavidjohnson@aol.com.

## CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

16.   Plaintiffs repeat the averments contained in paragraphs 1 through 15 as if set forth in full.

17.   Wiley has received the United States Certificate of Copyright Registration for the Wiley Copyright.

18.   McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

19.   The Wiley Copyright and the McGraw-Hill Copyrights are valid and enforceable.

20.   Defendants have infringed the Wiley Copyright and the McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

21.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Wiley Copyright and the McGraw-Hill Copyrights.

22.   Defendants have willfully infringed the Wiley Copyright and the McGraw-Hill Copyrights.

23.   Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

WHEREFORE, plaintiffs demand judgment:

A.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley Copyright and the McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory

damages, as a result of defendants' willfull infringement of the Wiley Copyright and the McGraw-Hill Copyrights;

C.   Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505;

D.   Granting such other and further relief as to this Court seems just and proper.

Dated:   New York, New York
         October 15, 2008

DUNNEGAN LLC

By _____
   William Dunnegan (WD9316)
   wd@dunnegan.com
   Laura Scileppi (LS0114)
   ls@dunnegan.com
Attorneys for Plaintiffs
   John Wiley & Sons, Inc. and
   The McGraw-Hill Companies, Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Schedule A
"Wiley Copyright"

<u>Title</u>      (<u>Date of Registration</u>)     (<u>Registration #</u>)

1.   Intermediate Accounting, (April 7, 1992) (TX0003284941).

Schedule B
"McGraw-Hill Copyrights"

<u>Title</u> <u>(Date of Registration)</u> <u>(Registration #)</u>

1.   Instructor's Resource Manual to Accompany Financial
     Accounting, (October 29, 2003) (TX0005830555).

2.   Advanced Accounting, (December 20, 2000) (TX0005305080).

3.   Solutions Manual to Accompany Intermediate Accounting,
     (October 29, 2003) (TX0005832947).